**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BIGMOUTH LLC,<br>Plaintiff,<br>v.<br>PANTAO TANG, a/k/a 唐攀涛<br>a/k/a E_COMING,<br>Defendant. | Civil Action No. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, BigMouth LLC ("Plaintiff" or "BigMouth"), as and for its Complaint against Defendant Pantao Tang, a/k/a 唐攀涛, a/k/a e_coming ("Defendant"), alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

**NATURE OF THIS ACTION**

1. This is an action for trademark counterfeiting and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under the Anti-Counterfeiting Consumer Protection Act of 1996, 15 U.S.C. § 1116(d) as well as related state law claims arising from Defendant's willful counterfeiting of trademarks owned and used by BigMouth. As described more fully below, Defendant has knowingly sold, offered for sale, or otherwise contributed to the sale of counterfeit versions of Gigantic Sugar Skull Beach Blankets ("Sugar Skull Blankets") made and sold by BigMouth, and is therefore liable for direct and/or contributory infringement of BigMouth's lawfully owned trademark. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of BigMouth.

2. As a result of Defendant's actions, BigMouth is suffering a loss of the enormous goodwill BigMouth has created in its trademarks and is losing profits from lost sales of genuine products. This action seeks permanent injunctive relief and damages for Defendant's infringement of BigMouth's intellectual property rights.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States. In addition, supplemental jurisdiction over related State law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

4. Defendant is subject to personal jurisdiction in the Commonwealth pursuant to Mass. Gen. Laws ch. 223A §3 because Defendant misrepresented the authentic nature of its counterfeit Sugar Skull Blankets to Massachusetts residents; because Defendant has caused tortious injury to BigMouth trademarks within the Commonwealth; because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth; because Defendant regularly does or solicits business within the Commonwealth; because Defendant regularly and systematically directs electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the sale and/or offer for sale to Internet users within the Commonwealth, as well as entry into contracts with residents of the Commonwealth through the sale of items in Internet auctions.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because some of Defendant's wrongful acts involving the offering for sale and sale of products that infringe BigMouth's trademark took place in this Commonwealth.

## PARTIES

6. Plaintiff BigMouth LLC is an Indiana LLC with a principal place of business in Indianapolis, Indiana. BigMouth designs, manufactures, and sells a variety of lifestyle products, including Sugar Skull Blankets. BigMouth has been a leading innovator in this field since its first product launched in 2004. BigMouth sells products to consumers through retail stores and authorized sellers.

7. Upon information and belief, Defendant is a Chinese entity operating from an unknown address in China. Defendant has sold counterfeit BigMouth Sugar Skull Blankets on eBay.com via the e_coming seller account, which it has operated since November 5, 2013.

## FACTS GIVING RISE TO THIS ACTION

### A. BigMouth and Its Trademark Usage

8. BigMouth is the sole and exclusive owner of the federally registered mark BIGMOUTH INC®, which is registered on the U.S. Patent and Trademark Office's ("USPTO") Principal Register. The USPTO issued Registration No. 5,069,272 for the BIGMOUTH INC® trademark on October 25, 2016, for use in connection with novelty swimming aids, pool floats, and bath toys, among others.

| Mark | Reg. Date | Reg. No. | Goods/Services |
|---|---|---|---|
| BIGMOUTH INC | October 25, 2016 | 5,069,272 | Barware, namely, glassware, ceramic shot glasses; coffee mugs; wine glasses; portable beverage coolers; drink coolers, namely, insulating sleeve holders for beverages; salt and pepper shakers; beverage glassware; bottle openers; garden statues, namely, statues of ceramic; novelty beverage holders; novelty bottle openers; novelty piggy banks; novelty bath sponges; novelty can diversion containers for household use.<br><br>Toys, namely, fake spills, battery operated sound makers, dashboard figures, water squirting balls, fake dog poop, flying discs, toilet and bath toy games in the nature of bath toys, piano mats in the nature of toy pianos, toilet fishing games, golf games, rubber sound makers, novelty parking tickets, punching mitts, punching fists; novelty Christmas decorations; swimming aids, namely, pool floats, namely, swimming floats; inflatable pool floats, namely, swimming floats; inflatable toys; toy masks; costume masks; carnival toys, namely, inflatable toys and pool floats, namely, swimming floats; magic tricks; novelties, namely, novelty golf balls, novelty dice. |

9. A printout from the USPTO Trademark Electronic Search System ("TESS") reflecting this registration is attached hereto as **Exhibit 1**. Said registration remains in full force and effect. The mark contained in the registration is hereinafter referred to as the "BigMouth Mark."

10. BigMouth also has acquired common law rights in the BigMouth Mark throughout the United States.

11. The BigMouth Mark is well-known and famous. The goodwill associated with the BigMouth Mark is a valuable asset. BigMouth has expended great effort and considerable resources in the promoting and advertising of its goods and services under the BigMouth Mark. As a result of this widespread and continuous use and promotion, the BigMouth Mark identifies BigMouth as the source of goods and services identified in the registrations of the BigMouth Mark.

12. BigMouth's federal trademark registration was duly and legally issued, is valid and subsisting, and constitutes *prima facie* evidence of BigMouth's exclusive ownership of the BigMouth Mark.

13. BigMouth has invested hundreds of thousands of dollars and has expended significant time and effort in advertising, promoting, and developing its BigMouth Mark throughout the United States and the world. As a result of such advertising and promotion, BigMouth has established substantial goodwill and widespread recognition in its BigMouth Mark, and the mark has become associated exclusively with BigMouth by both customers and potential customers, as well as the general public at large.

14. To create and maintain such goodwill among its customers, BigMouth has taken substantial steps to ensure that products bearing its BigMouth Mark are of the highest quality. As a result, the BigMouth Mark has become widely known and is recognized throughout the United States and the world as a symbol of high quality products.

15. BigMouth sells products directly to customers through its network of authorized BigMouth dealers, including dealers located in this district.

16. Customers throughout the United States and throughout the world recognize the BigMouth name and logo, upon which they rely for high quality products and attentive customer service.

17. As a result of, *inter alia*, the care and skill exercised by BigMouth in the conduct of its business, the high quality of goods sold under the BigMouth Mark, and the extensive advertising, sale, and promotion by BigMouth of its branded products, the BigMouth Mark has acquired secondary meaning throughout the United States, including in the Commonwealth of Massachusetts.

**B. Defendant's Sale of Counterfeit Sugar Skull Blankets**

18. As recently as March 2017, counterfeit BigMouth Sugar Skull Blankets were being offered for sale at unusually low prices from an eBay seller located in China. These products are nearly identical in appearance to genuine BigMouth Sugar Skull Blankets. Many people who purchase these items have no idea that they are getting a counterfeit product rather than the genuine article.

19. As soon as this discovery was made, BigMouth caused regular monitoring of eBay and other online commerce sites in order to try to prevent sales of counterfeit BigMouth goods and take enforcement action as appropriate against sellers of counterfeit BigMouth goods.

20. Defendant's Sugar Skull Blankets were offered for sale and sold using an identical reproduction, counterfeit, copy, or colorable imitation of the BigMouth Mark.

21. Defendant's Sugar Skull Blankets depict a substantially indistinguishable mark from the BigMouth Mark, modified only in trivial ways.

22. Defendant's eBay product listing uses the BigMouth Mark in association with the sale of clearly counterfeit BigMouth products.[1]

23. BigMouth has never authorized Defendant to use the BigMouth Mark.

24. Defendant's counterfeit products utilize the identical pattern of BigMouth's genuine Sugar Skull Blankets.

25. Defendant's products can be identified as counterfeit based on certain physical differences between Defendant's counterfeit products and packaging and that of BigMouth's genuine Sugar Skull Blankets.

**<u>BigMouth's Sugar Skull Blanket</u>**



[1] Defendant's Sugar Skull Blanket was listed on eBay as "GIANT 5 FT SUGAR SKULL Beach Pool Shower Towel Blanket BigMouth Inc Wall Hanging [Blue, 120 * 150cm/59"*47.2"]."

**<u>Defendant's Sugar Skull Blanket</u>**





26. Defendant's products were packaged in clear, unmarked packaging that is markedly different from that which BigMouth sells its Sugar Skull Blankets.

27. Defendant named herein is associated with an eBay account that BigMouth, through online monitoring or through investigation, has determined to have sold or offered for sale counterfeit BigMouth Sugar Skull Blankets, or committed acts in furtherance of such sales, such as providing false feedback to enable the counterfeit sellers to gain credibility in order to make sales.

28. Investigation has also revealed that, based on the counterfeit products' packaging, production, and design, Defendant purchased the counterfeit products at highly discounted prices from questionable sources, such as anonymous sellers on Craigslist or Internet web sites located in China, and/or manufactured counterfeit products. Accordingly, Defendant either knew or

acted in reckless disregard of circumstances suggesting that the products it sells were counterfeit, and its actions were therefore knowing and willful.

## C. The Likelihood of Confusion and Injury Caused by Defendant's Actions

29. The counterfeit Sugar Skull Blankets sold by Defendant are not the same or of the same quality as those manufactured and sold by BigMouth under the BigMouth Mark.

30. As such, consumers who purchase Sugar Skull Blankets sold by Defendant with the use of the BigMouth Mark are likely to be confused and/or disappointed by obtaining counterfeit Sugar Skull Blankets when they intended to purchase genuine BigMouth Sugar Skull Blankets.

31. In addition, the sale of counterfeit Sugar Skull Blankets with the use of the BigMouth Mark is likely to cause confusion among consumers regarding BigMouth's sponsorship of, affiliation with, connection to, or approval of the counterfeit Sugar Skull Blankets sold by Defendant.

32. As a result of Defendant's actions, BigMouth is suffering a loss of the enormous goodwill that BigMouth has created in its BigMouth Mark and is losing profits from lost sales of genuine products.

33. Defendant is likely to continue to commit the acts complained of herein, and, unless restrained and enjoined, will continue to do so, all to BigMouth's irreparable harm.

## COUNT I

## TRADEMARK COUNTERFEITING AND INFRINGEMENT

## (15 U.S.C. §§ 1114(1)(a), 1116, and 1117)

34. Plaintiff hereby realleges each and every allegation of the Complaint contained in the foregoing paragraphs as though fully set forth in this claim for relief.

35. The acts of Defendant alleged herein constitute the use in commerce, without the consent of BigMouth, of an identical reproduction, counterfeit, copy, or colorable imitation of the BigMouth Mark in connection with its sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe BigMouth's rights in the BigMouth Mark, all in violation of the Lanham Act.

36. Defendant's use of the counterfeit versions of the BigMouth Mark was willful, intentional, and done with the knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

37. Specifically, upon information and belief, Defendant has knowingly purchased counterfeit goods bearing the BigMouth Mark, and is knowingly importing the goods for re-sale in the United States, and/or is manufacturing, promoting, and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing goods bearing the BigMouth Mark.

38. The conduct of Defendant's counterfeiting and infringing activities is likely to cause, is actually causing, and was willful and intended to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitutes trademark counterfeiting under 15 U.S.C. § 1114(1)(b).

39. As a direct and proximate result of Defendant's actions, Plaintiff has suffered substantial damages and irreparable injury. BigMouth is entitled to an injunction and to recover Defendant's profits, all damages sustained by BigMouth, treble those profits or damages, and the cost of this action, plus interest, under 15 U.S.C. § 1117(a) and (b), which amounts are yet to be determined.

40. As a direct and proximate result of Defendant's acts of willful trademark counterfeiting, BigMouth is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendant.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125(a))

41. Plaintiff hereby realleges each and every allegation of the Complaint contained in the foregoing paragraphs as though fully set forth in this claim for relief.

42. The acts of Defendant alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BigMouth, or as to the origin, sponsorship, or approval of counterfeit Sugar Skull Blankets by BigMouth.

43. Defendant's counterfeit goods are seemingly identical in appearance to each of BigMouth's genuine goods. Defendant's counterfeit goods, however, are different and inferior in quality. As such, Defendant's conduct is likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the counterfeit goods.

44. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

45. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury and harm to Plaintiff.

**COUNT III**

**UNFAIR COMPETITION**

**(M.G.L. c. 93A)**

46. Plaintiff hereby realleges each and every allegation of the Complaint contained in the foregoing paragraphs as though fully set forth in this claim for relief.

47. By reason of the foregoing, Defendant has engaged, and continues to engage, in acts of unfair and deceptive competition in violation of Massachusetts law.

48. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

49. Such conduct on the part of Defendant has caused and will continue to cause damage to Plaintiff.

**WHEREFORE**, BigMouth requests that this Court:

1. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons or entities in active concert or participation with Defendant, from using the BigMouth Mark or any mark confusingly similar to the BigMouth Mark, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition, and unfair trade practices.

2. Direct Defendant to pay BigMouth the actual damages to BigMouth and profits realized by Defendant, and the costs and attorneys' fees incurred in pursuit of this action pursuant to 15 U.S.C. § 1117(a), Mass. Gen. Laws ch. 93A, § 11, or otherwise.

3. Enter judgment that Defendant's acts of counterfeiting, infringement, false designation of origin, unfair competition, and unfair trade practices have been knowing and willful.

4. Direct Defendant to pay BigMouth statutory damages in the amount not to exceed two million dollars ($2,000,000.00) per mark for each of BigMouth's marks which Defendant has counterfeited, as authorized by 15 U.S.C. § 1117(c)(2).

5. Award BigMouth treble damages pursuant to 15 U.S.C. § 1117(b), Mass. Gen. Laws ch. 93A, § 11, or otherwise.

6. Order Defendant to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Defendant's infringing acts.

7. Order the recall, impounding and destruction of all goods, advertising, or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

8. Award BigMouth such further relief as this Court may deem just and proper.

## Jury Trial Claim

The Plaintiff, BigMouth LLC, demands trial by jury as to all issues so triable of right by a jury.

Dated: April 21, 2017

Respectfully submitted,

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson (BBO #667290)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: 617.261.3134
Facsimile: 617.261.3175
morgan.nickerson@klgates.com

*Counsel for **BIGMOUTH LLC***